IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN FOSTER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   CIV. ACT. NO. 1:23-cv-69-TFM-B |
| | ) |
| DR. R. LEE IRVIN, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On April 3, 2024, the Magistrate Judge entered a Report and Recommendation which recommended the Defendant's motion to dismiss (Doc. 36) be granted in part, dismissing the federal claims with prejudice, and dismissing the state law claims without prejudice. No objections were filed and the deadline has passed.

As an addition to the Report and Recommendation's analysis, the Court notes does reject Defendant's argument that the Court lacks subject matter jurisdiction. Though the complaint is certainly a shotgun pleading, Plaintiffs do clearly reference federal constitutional statutes in reference to their claims. Therefore, the Court cannot determine that it lacks subject matter jurisdiction. Rather, it simply finds that Plaintiffs failed to comply with the requirements of Fed. R. Civ. P. 8

Fed. R. Civ. P. 8(a)(2) provides a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Fed. R. Civ. P. 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, internal quotation marks, and ellipsis omitted)). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. "Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (quoting *Vibe Macro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018).[1] Put another way, it is "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). There are four types of shotgun pleadings: (1) pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

None of this deprives the Court of subject matter jurisdiction especially when it is clear that federal constitutional matters are referenced. Rather it falls into a failure to state a claim which still results in dismissal under a Rule 12(b)(6)-type analysis.

Therefore, with that addendum, after due and proper consideration of all portions of this file deemed relevant to the issues raised, the Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Therefore, it is **ORDERED** Defendant's motion to dismiss (Doc. 36, filed 12/12/23) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent that the Court finds the complaint is a shotgun pleading, that Plaintiffs have been given multiple opportunities to correct the deficiencies and failed to do so, and as a result, the federal claims are **DISMISSED with prejudice**. The motion is denied in that Plaintiffs' state law claims are **DISMISSED without prejudice** as to their ability to be refiled in state court.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 20th day of May, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE